Gerald H. GUELKER, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 44566.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Paul J. Passanante, Gray & Ritter, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Appeal from denial of movant-defendant's Rule 27.26 motion. He had been jury-convicted of illegally operating Donald V. Howard's car and was sentenced to three years in prison. He was granted probation. The judgment was affirmed on appeal. See *State v. Guelker*, 548 S.W.2d 521 (Mo.banc).

The motion court denied the Rule 27.26 motion without a hearing and this appeal followed. Movant-defendant briefs four points: The court erred (1) in finding defendant lacked standing on the stated ground he was on parole and not in custody; (2) in concluding movant's grounds could have been raised on appeal because his charges of prosecutorial misconduct and ineffective counsel could not have then been raised; (3) in denying him an evidentiary hearing; and (4) in denying defendant's motion without making findings of fact and conclusions of law. These in turn.

Standing: Rule 27.26(a) specifically limits relief to prisoners "in custody". Defendant now argues he was technically in custody even if on parole; he cites no Missouri case to support this. Enough that on the very day defendant filed his Rule 27.26 motion, January 10, 1980, he was ordered discharged from probation. He was not "in custody".

We hold that on this ground alone the motion court properly denied Rule 27.26 relief. On our own motion we consider defendant's other points.

Misconduct of counsel: Defendant contends both counsel suppressed evidence of true ownership of the stolen car because Donald V. Howard had mortgaged the car. At trial both counsel stipulated that the stolen car was registered in Texas in the name of the victim, Donald V. Howard.

Defendant's contention was specifically refuted on direct appeal. Our Supreme Court held the Texas registration raised a presumption of ownership in the registered owner despite his having given a mortgage. *State v. Guelker*, supra [3, 5].

It follows that there was no showing of misconduct of counsel.

By defendant's last point he claims the motion court erred in denying his motion without making findings of fact and conclusions of law as required by Rule 27.26(i). Initially true. However, on remand the motion court did comply with the rule. Point denied.

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.